**Edward J. BURKE, Plaintiff, Appellee,**

v.

**Elaine GUINEY, Individually and in Her Official Capacity as Commissioner on Affairs of the Elderly of the City of Boston, Defendants, Appellants.**

**Edward J. BURKE, Plaintiff, Appellant,**

v.

**Elaine GUINEY, et al., Defendants, Appellees.**

**Nos. 82–1290, 82–1583 and 82–1584.**

United States Court of Appeals,
First Circuit.

Argued Dec. 10, 1982.

Decided Feb. 18, 1983.

Stephen P. Perlmutter, Boston, Mass., for Elaine Guiney and City of Boston.

Michael Avery, Boston, Mass., for Edward J. Burke.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and SMITH,* Senior District Judge.

* Of the District of Montana, sitting by designation.

COFFIN, Chief Judge.

These appeals arise from a 42 U.S.C. § 1983 action by Edward J. Burke, appellee in appeal no. 82–1290 and appellant in nos. 82–1583 and 82–1584 [hereinafter plaintiff], against Elaine Guiney, Commissioner on Affairs of the Elderly of the City of Boston, and the City of Boston, appellants in no. 82–1290 and appellees in nos. 82–1583 and 82–1584 [hereinafter defendants]. Plaintiff alleged in that action that his discharge from the position of editor of "Boston Seniority"[1] was in violation of his First and Fourteenth Amendment rights.

Prior to the scheduling of a trial date, the parties settled and filed with the district court an Agreement for Judgment. The Agreement for Judgment, approved by the court on June 24, 1981, provided for payment of $13,000 by the City of Boston to plaintiff. Paragraph three of the agreement provided:

> "The plaintiff agrees to make no statements contrary to the provision of this agreement for judgment that the settlement of this action, reflected by this agreement for judgment, is neither evidence of nor an admission of liability by any of the defendants."

On August 1, 1981 a story about the settlement appeared in the Boston Globe. Claiming that statements attributed to plaintiff in the article violated paragraph three of the agreement, defendants moved on September 9, 1981 that the district court impose civil contempt sanctions on plaintiff. On March 12, 1982 the district court denied the motion without discussion. Defendants appeal that denial.

While their motion for sanctions was pending, defendants refused to pay plaintiff the settlement amount. On December 10, 1981 plaintiff moved for approval of attachment of trustee process in an effort to collect the settlement amount plus interest from the date of judgment. After defendants' motion for sanctions was denied, defendant City of Boston expressed its willingness to pay the settlement amount but not post-judgment interest. After a hearing on June 18, 1982 the district court, on June 23, 1982, denied plaintiff's motion for attachment. At the conclusion of the June 18 hearing the parties agreed that plaintiff could accept payment of the principal amount of the settlement without waiving his claim for post-judgment interest. In an effort to pursue that claim, plaintiff appeals the denial of his motion for attachment.

Plaintiff also moved, on April 21, 1982, pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, for attorney's fees for the time spent in opposing the defendants' motion for sanctions. That motion was also argued at the June 18 hearing and denied without discussion on June 23. Plaintiff appeals.

## I. *The Motion for Civil Contempt Sanctions*

Civil contempt is an appropriate remedy only "when there is clear and convincing proof of a violation of a court decree." *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir.1980). To be enforceable in contempt an injunctive decree must satisfy the specificity requirements of Fed.R.Civ.P. 65(d).[2] *Id.* *See also Matter of Baum*, 606 F.2d 592, 593 (5th Cir.1979); *H.K. Porter Co. v. National Friction Products Corp.*, 568 F.2d 24, 27 (7th Cir.1977) (court's order "must set forth in specific detail an unequivocal command").

Defendants argue that paragraph three of the parties' agreement for judgment, set

1. A newspaper for elderly citizens of Boston published by the Commission on Affairs of the Elderly of the City of Boston.

2. Rule 65(d) provides:

> "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

out above, became when approved by the court an injunctive decree enforceable in contempt. Their only proof that plaintiff violated that decree is the August 1, 1981 Boston Globe article itself. Because the district court denied defendants' motion for sanctions without explanation, we do not know whether the court found that paragraph three of the Agreement for Judgment was not an injunctive decree enforceable in contempt, that defendants had not presented clear and convincing proof that plaintiff had violated the agreement, or both.

Though some explanation of the court's reasoning would have been a most welcome aid to our review, we are not compelled to remand for a statement of reasons. "A successful party in the District Court may sustain its judgment on any ground that finds support in the record." *Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957). Nor is this a case in which complex events make findings of fact prerequisite to our review.[3] The Agreement for Judgment and the allegedly offending newspaper interview comprise the essential factual record; they are before us.

■ Because we find that the Globe article did not provide clear and convincing proof that the agreement was breached, we need not decide whether the court's approval of that agreement made it enforceable in civil contempt. No statements directly attributed to plaintiff in the Globe article are clearly contrary to the agreement's provision that the settlement "is neither evidence of nor an admission of liability by any of the defendants."

The article read in most pertinent part:
"In [the agreement], the parties agreed the $13,000 settlement was 'neither an admission nor evidence of liability.'

Burke also agreed not to make any statements contrary to the stipulation in the agreement that it was a result of

both parties 'desire to avoid further litigation and to compromise, adjust and settle' Burke's suit.

In an interview from New York City, where he is an assistant editor at the National Law Journal, Burke said he thought the settlement vindicated his contention that his firing was illegal.

'On the eve of the scheduling of a trial date in which the [White] administration would have had the opportunity to disprove my allegations, it chose instead to compensate me for what I have charged all along was an illegal attempt to convert the newspaper into a political organ for Mayor White,' he said."

The statement directly attributed to plaintiff, while perhaps implying more, does not directly claim that the settlement was an admission of liability on defendants' part. The statement that "the settlement vindicated his contention that his firing was illegal", ambiguous in itself, appears to be the journalist's gloss on plaintiff's directly quoted statement that follows immediately, rather than a separate statement by plaintiff himself.

■ In addition to presenting clear and convincing evidence that a court order has been violated, a party seeking monetary damages in civil contempt, as defendants do here, must show that he has suffered damage as a result of the violation. *Parker v. United States,* 153 F.2d 66, 70 (1st Cir.1946); *McGoff v. Rapone,* 78 F.R.D. 8, 30 (E.D.Pa. 1978). Here, appellants argue, without elaboration, that they suffered injury to reputation as a result of the alleged violation of the settlement agreement. But the Globe article in which plaintiff's allegedly damaging statement appeared also noted that the "parties agreed the $13,000 settlement was 'neither an admission nor evidence of liability.'" In addition, the article quoted a spokesperson for the City as saying "the administration had decided 'it would be cheaper to settle out of court than

---

**3.** Appellants argue that the district court was required by Fed.R.Civ.P. 52(a) to make findings of fact. But that rule specifically provides that "[f]indings of fact and conclusions of law are

unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

to go through the expense of a court trial,' and calling [plaintiff's] suit 'a harassment suit.'" In this context, even if we found that the statement attributed to plaintiff clearly violated the settlement agreement, we would have difficulty finding any damages to defendants resulting from the statement.

Because we find that defendants have not carried their burden of demonstrating a breach of a court order with clear and convincing proof, we have no difficulty concluding that the district court did not abuse its discretion in denying defendants' motion for civil contempt sanctions.

## II.  Attorney's Fees

The Civil Rights Attorney's Fees Award Act of 1976 ("the Act") amended 42 U.S.C. § 1988 to provide that "the court, in its discretion, may allow the prevailing party" in civil rights actions, including § 1983 actions, "a reasonable attorney's fee as part of the costs." Plaintiff moved pursuant to § 1988 for attorney's fees resulting from its successful defense against defendants' motion for civil contempt sanctions. The district court denied that motion after hearing but without comment.

■ The district court "has broad discretion to make the initial determination of whether to allow an award of fees", but that discretion is controlled by the standard "that a successful plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Sargeant v. Sharp, 579 F.2d 645, 647 (1st Cir.1978) (footnote omitted) (quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). We have held that summary denial of entitlement to attorney's fees without hearing and "without an adequate statement of reasons for the order does not meet minimum standards of procedural fairness and regularity. Nor does an order issued without a deliberate articulation of its rationale, including some appraisal of the factors underlying the court's decision, allow for a disciplined and informed review of the court's discretion." Id. (citations omitted).

There can be no question here that plaintiff, in realizing a favorable settlement, prevailed within the meaning of the statute on the underlying civil rights claim. See Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir.1978). But the settlement stipulated that it reflected "all claims for alleged damages, interest, attorneys' fees and costs arising out of the facts alleged in the complaint." Plaintiff's claim here is not for attorney's fees in bringing about the settlement, but in successfully defending against defendants' motion for contempt sanctions.

■ Defendants argue that litigation over their motion for sanctions was unrelated to the merits of plaintiff's civil rights claims and that plaintiff's success in resisting that motion thus does not make plaintiff a prevailing party for purposes of the Act. It is well-established, however, that "[f]ee awards are appropriate for time spent on efforts to secure compliance with court decrees, no less than for time spent securing those decrees." Stenson v. Blum, 512 F.Supp. 680, 684 (S.D.N.Y.1981), aff'd, 671 F.2d 493 (2d Cir.1981); see also Balark v. Curtin, 655 F.2d 798, 802–03 (7th Cir. 1981) (fee award for time spent on garnishment proceedings required to obtain satisfaction of an execution); Miller v. Carson, 628 F.2d 346, 348 (5th Cir.1980) (fee award for time spent on post-judgment motions, including motion for contempt); Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 637 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

■ Here, defendants admit that they withheld payment of the settlement amount pending resolution of their motion for sanctions.

"[T]he judgment was not promptly paid because of the plaintiff's behavior which cast a cloud over the judgment, thus requiring the defendants to seek a judicial determination of the parties' rights and a stay of the judgment until that determination was made ... [Defendants] also consistently maintained that the agreed

to settlement amount would be promptly paid once the District Court determined the parties' rights and thereby lifted the cloud cast over the judgment by the plaintiff's statements. Finally, the defendants true to their representations, promptly tendered the agreed to settlement amount to the plaintiff after the District Court denied their motion."

As acknowledged in this statement in defendants' appellate brief, defendants, in tandem with their motion for civil contempt sanctions, filed a motion for stay of execution of judgment.[4] At argument on that motion below, defendants' counsel indicated that defendants sought, by way of the motion for stay of execution, "a relief from [the] judgment, a temporary relief from judgment, until we got this whole matter as to whether the plaintiff was adhering [to] his responsibilities under the judgment."

Defendants, having made payment of the settlement amount contingent on the defeat of their motion for sanctions, cannot argue that plaintiff's defense against that motion was not in an effort to secure compliance with the underlying judgment. Plaintiff was faced with the choice of either not defending against the motions, thus risking further delay of the settlement payment and possibly endangering the judgment itself, or defending against the motion to remove the "cloud" from the judgment and secure the settlement payment. Nor would a finding that defendants' refusal to honor the judgment was based on a good faith belief that plaintiff had breached the agreement for judgment, rendering it void, preclude an award of attorney's fees. "Good faith by itself is not a special circumstance justifying a denial of attorney's fees." *Teitelbaum v. Sorenson,* 648 F.2d 1248, 1250 (9th Cir.1981); *see also Love v. Mayor, City of Cheyenne, Wyo.,* 620 F.2d 235, 236 (10th Cir.1980); *Holley v. Lavine,* 605 F.2d 638, 646 (2d Cir.1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980).

Defendants also argue that plaintiff waived his right to attorney's fees when he agreed, in the Agreement for Judgment, that "the settlement reflected by this agreement for judgment reflects the settlement of all claims for alleged damages, interest, attorneys' fees and costs arising out of the facts alleged in the complaint." We think it is clear that the parties did not in this agreement contemplate waiver of attorney's fees arising from post-judgment legal action to enforce the settlement agreement. Indeed, though this provision applies equally by its terms to both parties, defendants in moving for civil contempt sanctions asked that the court award them attorney's fees incurred in bringing the motion. We find no waiver.

We thus conclude that plaintiff was a prevailing party eligible to receive attorney's fees under the Act for successfully defending against defendants' motions for civil contempt sanctions and for stay of execution of judgment. It was yet, however, within the district court's discretion to deny fees if there were "special circumstances" which "would render such an award unjust." *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). *See* S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912 (adopting *Newman* standards for purposes of Civil Rights Attorney's Fees Act). But implicit within Congress's intent that plaintiffs "should ordinarily recover an attorney's fee", *Id.,* "is a requirement that a court which denies an award of attorney's fees must issue findings of fact and conclusions of law identifying the 'special circumstances' and explaining why they render an award unjust." *Sethy v. Alameda County Water District,* 602 F.2d 894, 897 (9th Cir. 1979), *cert. denied,* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980); *see also Kimbrough v. Arkansas Activities Ass'n,* 574 F.2d 423, 427 (8th Cir.1978) (determining eligibility under the Act but remanding for consid-

4. That motion was filed on November 30, 1981. It was denied on June 23, 1982 and has not been appealed.

eration of whether there were special circumstances rendering an award unjust). We therefore remand to the district court for an articulation of such special circumstances, if any. Among the special circumstances that may be considered are "the presence or absence of any bad faith or obdurate conduct on the part of either party, and any unjust hardship that a grant or denial of fee-shifting might impose." *Zarcone v. Perry,* 581 F.2d 1039, 1044 (2d Cir. 1978). In the absence of special circumstances rendering an award unjust, the court should determine a reasonable amount of attorney's fees.

III. *Motion for Attachment of Trustee Process*

Plaintiff moved under Fed.R.Civ.P. 69(a)[5] and Mass.R.Civ.P. 4.2(a) for attachment of trustee process to secure satisfaction of its judgment with interest. The principal amount of the judgment having been paid, denial of the motion is appealed only with respect to post-judgment interest. Defendants argue that plaintiff's recourse was under 28 U.S.C. § 1961 alone and not under state attachment process. Even assuming state attachment process was proper, the district court was within its discretion in denying the plaintiff's motion, in the absence of a showing that attachment was necessary to secure judgment. *See* Mass.R. Civ.P. 4.2(i) (court may issue orders "for cause shown" ... "as justice may require").

Defendants aver on appeal that there is no need for attachment procedures since defendant City of Boston is willing to pay post-judgment interest once entitlement is determined.

"The denial of the plaintiff's motion [for attachment of trustee process], moreover, does not prejudice his right to claim post-

judgment interest because the defendant City of Boston has always maintained that it would pay this amount if the issue was properly raised and post-judgment [interest] legally due. Accordingly, if the plaintiff's legal position is upheld in this appeal, the plaintiff will receive the post-judgment legally due whether or not there had been an attachment on trustee process."

We think the issue of entitlement to post-judgment interest has been adequately raised. It was argued below and is argued again on appeal in the context of the motion for attachment of trustee process. We therefore treat that motion as implying a motion to compel payment of post-judgment interest and find such interest due.

A party receiving a money judgment is normally entitled to interest dating from the entry of the judgment. 28 U.S.C. § 1961. Defendants argue that plaintiff waived any entitlement to post-judgment interest when he agreed that "the settlement ... reflects the settlement for all claims for alleged damages, interest, attorneys' fees and costs arising out of the facts alleged in the complaint." They present no further evidence that the parties intended to waive post-judgment interest.

Plaintiff contends that this provision of the settlement agreement contemplated only pre-judgment interest. That contention is supported by the further provision of the agreement that execution shall issue and by the subsequent issue of an execution commanding payment of the settlement amount with interest from the date of judgment. We hold that plaintiff is entitled to interest upon the settlement amount at the rate allowed by Massachusetts law, *see* 28 U.S.C. § 1961, from the date of judgment,

---

5. Rule 69(a) provides:
"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when the interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided by the practice of the state in which the district court is held."

June 24, 1981, until the date of the payment of the principal amount.

*The judgment of the district court denying defendants' motion for civil contempt sanctions is affirmed; the judgment of the district court denying plaintiff's motion for attachment of trustee process is affirmed; the judgment of the district court denying plaintiff's motion for attorney's fees is vacated and remanded for further proceedings consistent with this opinion; the district court is directed to enter judgment awarding to plaintiff post-judgment interest on the settlement amount.*