**Shirley COLE, et al., Plaintiffs,**

v.

**Linwood SNOW, et al., Defendants.**

**Civ. A. No. 77–1351–T.**

United States District Court,
D. Massachusetts.

Aug. 7, 1984.

Jeffrey W. Kobrick, Boston, Mass., for plaintiffs.

Paul Sullivan, Scituate, Mass., for defendant Snow.

Alexander G. Gray, Jr., Asst. Atty. Gen., Dept. of Correction, Boston, Mass., for defendant Hall.

1. *Cole v. Snow,* 586 F.Supp. 655 (D.Mass.1984).

2. Rule 52(b) provides, in pertinent part:
Upon motion of a party made not later than 10 days after entry of judgment the court may

Francis J. O'Rourke, Boston, Mass., for defendants Snow and Wiggins.

## SUPPLEMENTAL OPINION

TAURO, District Judge.

On May 9, 1984, this court held defendants Sheriff Snow and Plymouth County liable to Ruth Blackburn for damages in the amount of $177,040, resulting from an unconstitutional strip search policy.[1] In the judgment, the court also ordered defendants to pay prejudgment interest. Both plaintiff and defendants have filed motions under Rule 52(b) of the Federal Rules of Civil Procedure,[2] seeking amendment of the court's findings.

### I

Defendants' motion raises six issues, the first of which maintains that this court was incorrect when it stated:

> Until now, no court has considered a strip search policy as sweeping as the one challenged here.

*Cole v. Snow,* 586 F.Supp. 655, at 663 (D.Mass.1984). In support of this proposition, defendants cite *Hunter v. Auger,* 672 F.2d 668 (8th Cir.1982), and *Stephen v. Scurr,* No. 79–256 (S.D.Iowa June 22, 1979).

Defendants mistakenly claim that *Hunter* involved a broader policy than that in the instant case. In *Hunter,* prison visitors challenged the constitutionality of a policy under which correction officials determined whether to strip search selected visitors based upon tips from anonymous informants that the visitors intended to smuggle drugs into the prison. *Hunter,* therefore, did not involve strip searches of *all* visitors, but only visitors about whom correction officials had some cause for suspicion. In the instant case, the policy of strip searching *all* visitors, regardless of any suspicion that they intended to smug-

amend its findings or make additional findings and may amend the judgment accordingly.
Fed.R.Civ.P. 52(b) (1983).

gle contraband into Plymouth, was substantially more sweeping than the policy successfully challenged in *Hunter*.[3]

## II

▋ Defendants next argue that *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) bars an action in federal court for a deprivation of plaintiff's constitutional rights when an adequate state remedy is available. Defendants' reliance on *Parratt* is misplaced. *Parratt* held that the availability of an adequate state remedy bars an action for deprivation of property under the due process clause of the fourteenth amendment. Defendants cite no authority in support of their theory that *Parratt* should be extended to apply to challenges brought under the first and fourth amendments to the United States Constitution.

## III

▋ Third, defendants contend that this court made "clearly erroneous findings of fact." Post Judgment Omnibus Joint Motions of the Defendants at 4. Specifically, they challenge this court's finding that, "[n]o evidence was offered tying the valium incident to visitors." *See* at 658 n. 6.[4] Defendants cite a portion of the transcript in which Sheriff Snow testified that the inmate who was found in possession of valium pills told Snow that the inmate received the pills from visitors. *See* Tr. 5–21.[4] This testimony, however, was discredited by the sheriff's own deposition testimony in which he stated that he did not know that a visitor had brought the valium into the prison, and that he had no evidence as to how the inmate obtained the valium. *See* Tr. 5–22—24.[5] This court determined, therefore, that there was no credible evidence tying the valium to visitors. That finding of fact stands.

## IV

Defendants once again raise the issue of service of process on Plymouth County. This issue is raised and resolved in footnote 10 to the opinion. *See* at 659 n. 10.

## V

Defendants claim that Plymouth County was not a proper party to this action. They argue that the Commonwealth of Massachusetts was the correct party. Defendants do not cite any cases in support of this proposition. This defense to liability was considered and rejected in the opinion at pages 664–665.

## IV

Finally, defendants move under Rule 59 of the Federal Rules of Civil Procedure[6] for this court to strike its award of prejudgment interest. Plaintiff opposes defendants' motion to strike and moves for the court to modify its opinion to make a finding in support of the award of prejudgment interest.

---

**3.** The other case that defendants cite in support of their position is *Stephen v. Scurr*, decided in an unpublished opinion from the Southern District of Iowa. Such unpublished memoranda have little value as persuasive precedent. In a different context, Rule 14 of the Rules for the First Circuit provides, in pertinent part:

> Because unpublished memoranda and opinions of this and other courts usually fail to disclose fully the rationale of the court's decision, and because they are not uniformly available to all persons, they are never to be cited in unrelated cases, unless they are in the process of being published.

United States Court of Appeals, Rules for the First Circuit, Rule 14 (1979).

**4.** All references to the transcript will be designated "Tr."

**5.** Plaintiff's counsel had Sheriff Snow read the following question and answer from Sheriff Snow's deposition into the record:

> Q. "Do you have any evidence of how [the inmate who had the valium pills] got them?"
> A. "No."

Tr. 5–24.

**6.** Rule 59(e) provides, in pertinent part:

> A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

Fed.R.Civ.P. 59(e). Judgment was entered on May 15, 1984. Defendants filed their motion on May 25.

Defendants make two arguments in support of their proposition that this court should strike prejudgment interest. First, they maintain that the recent amendment to 28 U.S.C. § 1961 bars federal courts from imposing prejudgment interest.[7] In support of this proposition defendants cite *Burke v. Guiney,* 700 F.2d 767 (1st Cir. 1983). That case, however, concerns an award of postjudgment not prejudgment interest.[8]

Defendants cite no authority in support of their theory that 28 U.S.C. § 1961 was designed to remove the court's equitable power to award prejudgment interest. In fact the cases suggest the contrary. *See, e.g., Bricklayers' Pension Trust v. Taiariol,* 671 F.2d 988, 989 (6th Cir.1982) ("Section 1961 does not by its silence bar the awarding of prejudgment interest....").

Defendants' second argument is that an award of prejudgment interest is effectively an award of punitive damages and that such damages are inappropriate. That argument is similarly unpersuasive.

In *Furtado v. Bishop,* 604 F.2d 80 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980), the First Circuit held that in actions brought under 42 U.S.C. § 1983 it is within the fact finder's discretion to determine whether prejudgment interest should be awarded. In the instant case this court awarded prejudgment interest because it was necessary to compensate plaintiff fully for the injuries that she had suffered resulting from the strip search incidents. *See also Furtado,* 604 F.2d at 97–98. When prejudgment interest is necessary to compensate fully the plaintiff for injuries, as it is in the instant case, such an award is not punitive. *See North American Cold Storage Co. v. County of Cook,* 531 F.Supp. 1003, 1006 (N.D.Ill.1982).

**7.** That section provides, in pertinent part:
a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. ... Such interest shall be calculated from the date of the entry of the judgment ....

Defendants' joint motions under Rules 52 and 59 will be denied. Pursuant to plaintiff's Rule 52(b) motion, this court will make a supplementary finding in support of its award of prejudgment interest.

An order will ISSUE.

**8.** The court found that the plaintiff in *Burke* had waived an award of prejudgment interest under a settlement agreement. *See Burke,* 700 F.2d at 773.