Helen FARONE, Mario Farone

v.

Anthony B. SCIARRETTA, Probate Judge of Providence, Domenic Tudino, Probate Judge of North Providence, Anthony Gallone, Assistant Town Solicitor, North Providence.

Civ. A. No. 89–0127B.

United States District Court,
D. Rhode Island.

June 4, 1990.

FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant matter has been referred to the United States Magistrate for Findings and Recommendation pursuant to 28 U.S.C. Section 636. Presently before the Court is defendant Gallone's motion for attorney's fees pursuant to 42 U.S.C. Section 1988.

*Statement of Facts*

Plaintiff Helen Farone was one of two co-administratrices of Rose DeMarco's estate appointed by the defendant, Anthony B. Sciarretta, Probate Judge of Providence. The decedent, Rose DeMarco, was Helen Farone's sister. The other co-administratrice of the DeMarco estate was the decedent's niece, Marsha Mantia. Helen Farone at that time was represented by defendant attorney Gallone, while at the same time the decedent's nephews and nieces were represented by defendant attorney Tudino.

As a result of disputes between the co-administratrices regarding the distribution of the intestate estate, defendant Sciarretta ordered each administratrice to perform certain duties. When plaintiff Helen Farone failed to comply with his order, Judge Sciarretta removed her as co-administratrice. Subsequently, Helen Farone's husband filed a complaint against Judge Sciarretta with the Rhode Island Conflict of Interest Commission (Commission), alleging a conflict of interest arising out of a business association between co-defendants Sciarretta and Tudino.

The Commission found a technical violation and held that Judge Sciarretta could comply with the statute if he recused himself from those matters in which attorney Tudino appeared before the Providence Probate Court.

Plaintiffs filed a complaint against Tudino, Sciarretta and Gallone in their official capacities as Probate Judges and Assistant Town Solicitor, respectively. Plaintiffs' complaint alleges deprivation of civil rights in violation of 42 U.S.C. Section 1983, specifically conspiracy, misuse of the legal process, racketeering and disciplinary rule violations arising out of the DeMarco estate probate proceedings.

Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants' motion was

granted by order of Court dated August 16, 1989. The complaint was dismissed in part because plaintiffs' averments were conclusory and vague and in part because co-defendants Sciarretta and Tudino were entitled to judicial immunity. Defendant Anthony Gallone is now seeking attorney's fees pursuant to 42 U.S.C. Section 1983, alleging "prevailing party" status.

*Discussion*

Defendant's motion maintains that the action at bar commenced by plaintiffs was "frivolous, unreasonable and without basis." (Defendant's Memorandum dated Sept. 6, 1989, P. 2). Thus, defendant argues that he is entitled to attorney's fees pursuant to the provisions of 42 U.S.C. Section 1988 and subsequent case law. The language of Section 1988 provides:

> In any action or proceeding to enforce a provision of ... (42 U.S.C. Sections 1981–1983, 1985, 1986), ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the cost.

Reasonable attorney's fees have been awarded to prevailing party defendants "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

While I agree with the standard presented by the defendant's present motion, I find that the defendant's characterization of the plaintiffs' complaint to be inaccurate and the cases cited in support of his motion inapposite.

Defendant maintains that plaintiffs' action was frivolous and without basis. However, the Report and Recommendation, which was the basis of the order dismissing the complaint, found that plaintiffs' allegations of co-defendants Tudino and Sciarretta's violations of the Conflict of Interest statute were accurate although no penalties were imposed. As a result of plaintiffs' action, defendant Tudino was required to recuse himself from appearing before defendant Sciarretta. The defen-

dants' actions complained of by plaintiffs allegedly arose out of acts regarding the disposition of Rose DeMarco's estate, plaintiff Helen Farone's sister. Although somewhat "vague and confusing," plaintiffs' claims are not entirely frivolous or without basis, and plaintiffs' complaint did result in the State of Rhode Island's Conflict of Interest Commission finding that Tudino violated Rhode Island General Laws, Section 36–14–4(a) and Section 36–14–4(e)(1).

The First Circuit identifies "special circumstances" to be evaluated when deciding whether to impose attorney's fees. The Court must consider " 'the presence or absence of any bad faith or obdurate conduct on the part of either party, and any unjust hardship that a grant or denial of fee-shifting might impose.' " *Burke v. Guiney*, 700 F.2d 767 (1983), citing *Zarcone v. Perry*, 581 F.2d 1039 (1978). I find that in the case at bar, the plaintiffs' case was not frivolous and without foundation so as to authorize attorney's fees. Plaintiffs' allegations, although somewhat vague, were based on what plaintiff perceived to be an improper conflict of interest between the co-defendants. The potential for the conflict of interest was deemed to exist and two of the defendants were ordered to alter their conduct as a result of plaintiffs' action.

The policy considerations underlying fee-shifting would not be compromised by a denial of the present motion. In fact, a denial of attorney's fees would be more appropriate in furthering the legislative intent behind fee shifting awards to encourage private civil rights actions. Congress' intent is expressed in the legislative history of the Act.

> In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in

court. H.R. 1–3, U.S.Code Cong. & Admin.News 1976, P. 5910.

Accordingly, to better effectuate this policy of encouraging private citizens to assert their civil rights "a prevailing defendant is to be awarded such fees only when the court in the exercise of its discretion has found that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). I find that here, the expressed legislative intent of the Act would be compromised if attorney's fees were imposed on these plaintiffs. Thus, defendant's motions for attorney's fees should be denied.

A Magistrate's Findings and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Report must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Report. Rule 32, Local Rules of Court, Rule 72(b), Fed.R. Civ.P. Failure to timely file specific objections to the Magistrate's Report, findings, or recommendations is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *U.S. v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).

A review of the Magistrate's Report by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir.1988).

*Recommendation*

The defendant's motion for attorney's fees should be denied. I so recommend to the Court.