**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**JOHN D. COPANOS & SONS, INC., a corporation; and John D. Copanos, E. Gaye McGraw, and Norman V. Ellerton, individuals, Defendants-Appellants.**

**No. 86–2180.**

United States Court of Appeals,
Fourth Circuit.

Argued July 8, 1987.
Decided Sept. 9, 1987.

Kevin Anthony Dunne (Jerald J. Oppel, Ober, Kaler, Grimes & Shriver, on brief), for defendants-appellants.

Kenneth L. Jost, U.S. Dept. of Justice (Lawrence G. McDade, Civil Division, U.S. Dept. of Justice, Eric M. Blumberg, Associate Chief Counsel for Enforcement, United States Food and Drug Administration, on brief), for plaintiff-appellee.

Before CHAPMAN and WILKINS, Circuit Judges, and HAMILTON, United States District Judge for the District of South Carolina, sitting by designation.

PER CURIAM:

John D. Copanos & Sons, Inc., John D. Copanos, E. Gaye McGraw and Norman V. Ellerton (Copanos) appeal from the order of the district court directing payment to the United States for inspectional costs and laboratory fees due under a consent decree. We affirm.

### I.

Copanos is a manufacturer and distributor of prescription and non-prescription human and veterinary drugs. In October, 1984 the United States, acting on behalf of the Food and Drug Administration (FDA), filed a complaint against Copanos under section 302(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 332(a) (West 1972). The government sought to enjoin the production and interstate distribution of adulterated and misbranded drugs as violations of 21 U.S.C.A. §§ 331(a) and (k), 351(a)(2)(B) and (c), and 352(a) (West 1972 & Supp.1987).

Following extensive negotiations, the parties entered into a settlement agreement on November 2, 1984 which provided that the government would dismiss the complaint without prejudice and Copanos would cease the manufacture and interstate distribution of drugs until the FDA gave written approval. The parties contemporaneously signed a consent decree of permanent injunction which would become operative if and when Copanos breached the agreement. The action was dismissed without prejudice on November 27, 1984.

After Copanos breached the agreement, the government refiled the complaint on August 7, 1985 and requested entry of the consent decree. Following another round of negotiations, the parties signed a new consent decree which was entered on November 7, 1985.

The decree authorizes FDA representatives to:

[M]ake inspections of defendants' plants ... including the buildings, all pertinent equipment, finished and unfinished materials, containers, labeling, and all records relating to the receipt, methods used in, and the facilities and controls used for, the manufacture, processing, packing, labeling, shipping, and holding of human and veterinary drugs, prescription or non-prescription, as FDA deems reasonable and necessary, the costs of all such inspections to be paid by the defendants at the following rates: $36.00 per hour or fraction thereof per representative for inspectional work, $43.00 per hour and fraction thereof per representative for laboratory and analytical work, $.205 per mile for travel expenses, and $75.00 per person per day for subsistence expenses, where necessary.

The 1984 settlement agreement and consent decree contained virtually identical provisions.

On November 25, 1985, the FDA submitted a bill to Copanos for $86,491.00: $11,376.00 for investigator's time, $123.00 for mileage and $74,992.00 for laboratory analyses. Copanos objected to the bill and requested verification of the charges. The

government provided the requested documents except for the Establishment Inspection Reports (EIR's) which are narrative reports stating what occurred and what was undertaken during an FDA inspection. Copanos still refused to pay the bill.

The government filed a motion for reimbursement of expenses on July 31, 1986. Initially, the district court held that the government was not entitled to receive reimbursement for any work in connection with the undisclosed reports. However, on reconsideration, the court ordered payment of the total amount without requiring production of the EIR's.

## II.

It is uncontested that the inspections and laboratory analyses were in fact performed. Copanos questions the purposes of the analyses and inspections, alleging that the FDA is attempting to charge for investigative work connected with ongoing criminal proceedings concerning Copanos' pharmaceutical manufacturing operations. Copanos asserts that it cannot be compelled to pay for the criminal investigation and insists that access to the EIR's is necessary to determine the purpose of the inspections and analyses.

The consent decree conveys virtually unlimited authority to the FDA to make inspections *it* "deems reasonable and necessary." No other justification is required. The fact that Copanos' actions may constitute criminal offenses does not negate the obligation under the decree to reimburse the government.

## III.

Prior to oral argument, the government filed a motion for summary affirmance pursuant to Fed.R.App.P. 27, 4th Cir. I.O.P. 27.5 and requested an award of damages and costs under Fed.R.App.P. 38. Copanos opposed the motion and sought an award of costs and attorney's fees for expenses incurred in responding to the motion.

The motion for summary affirmance is moot. Although we affirm the judgment of the district court, we do not find that the appeal was frivolous. Therefore, the motion for damages and costs under Rule 38 is denied. Similarly, Copanos' motion for costs and attorney's fees is also denied.

AFFIRMED.