**Robert A. PETTY, Plaintiff–Appellant,**

v.

**The TIMKEN CORPORATION, Defendant–Appellee.**

**No. 87–1633.**

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1988.

Decided June 16, 1988.

Rehearing and Rehearing In Banc Denied July 27, 1988.

James A. Cheek, Spartanburg, S.C., for plaintiff-appellant.

John C. Miller (W. Britton Smith, Jr., Blakeney, Alexander & Machen, Charlotte, N.C., on brief), for defendant-appellee.

Before HALL and ERVIN, Circuit Judges, and BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.

K.K. HALL, Circuit Judge:

Robert A. Petty appeals an order of the district court denying his motion to vacate, amend, or stay a settlement order previously entered in a civil action brought by Petty against his former employer, The Timken Corporation ("Timken"). The settlement order provided for the voluntary dismissal of Petty's claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* upon payment by Timken of $5,000. Finding no error in the district court's refusal to set aside a valid settlement, we affirm.

I.

Petty, a black male, was employed by Timken as a security guard for approximately 14 years. He was discharged on January 28, 1985, on the stated ground of poor job performance. According to the allegations in his subsequently filed complaint, Petty had supposedly enjoyed a good relationship with his employer until Timken learned that he had been a plaintiff in a law suit against certain chemical companies seeking damages for injuries suffered from "Agent Orange" exposure in Vietnam. Petty maintained that after his participation in the suit became known, he was subjected to racial slurs, derogatory items were placed in his work mailbox, he began to receive poor job evaluations, and he was finally discharged.

After his dismissal, Petty sought legal representation from a local attorney, Charles J. Hodge, who filed a complaint on his behalf on November 29, 1985. Trial was scheduled for January 29, 1987. On that date, Hodge met with the attorney for Timken in a pre-trial conference conducted by the district judge. Timken then offered to settle the case for $5,000. According to statements later made in open court in connection with efforts by Timken to enforce the settlement, Hodge entertained serious doubts regarding Petty's ability to carry his burden of proving intentional discrimination. Accordingly, he left the conference, met with Petty and his wife, and recommended acceptance of Timken's offer. It is undisputed that Petty did agree to accept the settlement after discussing it with Hodge.

All parties subsequently appeared in open court where the following colloquy occurred:

The Court: Gentlemen, as I understand it, as a result of a pre-trial conference in my chambers, that you have an announcement to make, is that correct:

Mr. Hodge: That's correct, your Honor. The parties have reached a settlement in this case in the amount of five thousand dollars. The terms of the settlement have been explained to the plaintiff. There is no restriction on the settlement,

such as a gag order or anything of that nature, and we've explained to the plaintiff his burden of proof difficulty and this kind of thing. It's all been explained.

The Court: All right, in my brief introduction to the facts in this case, I think it is probably, under the circumstances,. an excellent settlement. Mr. Petty, you have heard your attorney announce that there was a settlement. Is that your understanding, there's a settlement?

Mr. Petty: Yes, sir.

The district court then entered an order which dismissed the case without prejudice based on the settlement and granted the parties 60 days to consummate the agreement. The order further provided that if the settlement was not in place within 60 days, either party could petition to reopen the action. Alternatively, either party could petition for enforcement of the agreement.

Petty apparently began to entertain doubts about the settlement almost immediately. Hodge was contacted by Mrs. Petty on February 1, 1987, who informed him that her husband wished to back out of the agreement. Petty visited Hodge's office personally on February 2, and attempted, unsuccessfully, to obtain his case file.[1]

On February 4, 1987, Timken tendered a settlement and release form and a check for $5,000 to Hodge. Upon learning that Petty had repudiated the settlement and was attempting to obtain new representation in order to continue the litigation, Timken filed a motion to compel settlement with the district court. Hodge, who was still attorney of record, filed a response seeking permission to deposit the settlement check with the court until the motion to compel was resolved. Petty, now represented by attorney, James A. Cheek, filed a motion for substitution of counsel, which requested release of his file and additional

time for new counsel to prepare a response to Timken's motion.

On April 16, 1987, a hearing was conducted before the district court. After considering oral argument by all attorneys involved, the court granted the motion to compel settlement and denied Petty's cross-motion for substitution of counsel. The court subsequently denied Petty's April 27, 1987, motion to vacate, amend or stay the court's previous order.

This appeal followed.

## II.

On appeal, Petty contends that the district court erred in summarily enforcing a settlement without conducting an evidentiary hearing into the validity of that settlement. Appellant argues that his allegations of improper inducement and inadequate preparation by attorney Hodge cast a cloud on the settlement which required a more thorough judicial inquiry. Petty also contends that the settlement of his Title VII claim did not resolve certain additional claims of race discrimination and interference with access to the courts which were implicitly raised in his complaint. We find no merit in appellant's contentions.

■■■■ Trial courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing. *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir.1981). Although summary enforcement is inappropriate when there is a material dispute about the existence of a settlement agreement or the authority of an attorney to enter a settlement agreement on behalf of his client, *Id.*, Petty's effort to bring his case within that context is thoroughly unpersuasive.[2]

■■■■ It is undisputed that Timken made an offer of settlement, that the offer

---

1. Hodge declined to release the file on the ground that under South Carolina law, an attorney has a lien on a client's file to insure the payment of the attorney's fee.

2. In *Millner,* the district court granted summary judgment in favor of the defendant in a FELA

action based upon the supposed existence of a negotiated settlement. Plaintiff in *Millner,* however, contended that he had never agreed to a settlement or authorized his attorney to conclude one—a situation obviously distinguishable from the instant appeal.

was communicated to Petty by his counsel, that Petty agreed to accept the settlement after conference with his attorney, and that Petty reaffirmed his acceptance in open court. Clearly, a settlement did exist. Even were we to assume that the charges of misconduct subsequently brought against Hodge by appellant were true,[3] it would not create a material question regarding the validity of that settlement. When a litigant voluntarily accepts an offer of settlement, either directly or indirectly through the duly authorized actions of his attorney, the integrity of the settlement cannot be attacked on the basis of inadequate representation by the litigant's attorney. In such cases, any remaining dispute is purely between the party and his attorney. *See Napier v. Chesapeake and Ohio Railway Co.*, 582 F.2d 1344, 1346 (4th Cir. 1978). Unless the resulting settlement is substantially unfair, judicial economy commands that a party be held to the terms of a voluntary agreement. *Id.*

We certainly can see no basis for finding Petty's settlement with Timken unfair. Indeed, beyond a general claim that he sought a recovery in excess of one million dollars—a most unrealistic expectation in a Title VII case where relief is primarily equitable in nature—appellant offers little argument against the essential fairness of the settlement. At most, Petty appears to have had second thoughts about the level of his recovery. That does not, however, establish unfairness or justify setting aside an otherwise valid agreement.

We likewise see no merit in appellant's contention that he has claims of racial discrimination and interference with judicial process that survived the settlement. The initial complaint filed on Petty's behalf asserted rights and invoked the district court's jurisdiction solely on the basis of Title VII. No other statutory claims were presented either expressly or by implication. The belated attempt to assert on appeal violations of 42 U.S.C. §§ 1981 and 1985 amount to nothing more than a doubtful effort to escape the consequences of the settlement. We reject that effort without hesitation.

## III.

A litigant who enters the judicial process through the agency of freely chosen counsel always assumes a certain risk that the result achieved will not be satisfactory. Defeated expectations do not, therefore, entitle the litigant to repudiate commitments made to opposing parties or to the court. For the foregoing reasons, the order of the district court denying Petty's motion to vacate the settlement of his civil action against Timken is affirmed.[4]

AFFIRMED.

---

3. We note that substantially the same allegations were apparently brought to the attention of the South Carolina Bar Association's Board of Commissioners on Grievances and Discipline which found no merit in Petty's charges.

4. Although we find this appeal without merit, we do not conclude that it is frivolous within the meaning of Fed.R.App.P. 38. Accordingly, appellee's motion for sanctions included in its brief filed with this Court is denied.