900 F.2d 252
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroy J. HAUGH; Paul G. Haugh, Plaintiffs-Appellants,
v.
BULLIS SCHOOL, INCORPORATED, Defendant-Appellee.
 No. 89-2103.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 12, 1990.
Decided March 9, 1990.
Rehearing and Rehearing In Banc Denied April 17, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, United States District Judge. (CA-88-1172-HAR).
 Matthew James Travers, Jr., Fairfax, Va., for appellants.
 Shirlie Norris Lake, Eccleston and Wolf, Baltimore, Md., for appellee.
 John S. Vander Woude, Eccleston and Wolf, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Haughs, father Leroy and son Paul, appeal the district court's decision to grant a summary judgment motion in favor of appellee Bullis School. The Haughs' suit against Bullis stems from Paul's three-day suspension for plagiarism and lying and the subsequent letters Bullis wrote to colleges which had accepted Paul explaining Paul's change in status. Notifying the colleges of the change is a requirement of the National Association of College Admission Counselors, of which Bullis was a member. The Haughs charged Bullis with breach of contract and libel. Our review of the record and the district court's opinion discloses that the appeal is without merit. Accordingly, we affirm on the reasoning of Judge Hargrove's opinion in the district court. Haugh v. Bullis, C/A No. 88-1172 (D.Md. April 25, 1989).
 
 
 2
 In addition to being meritless, we find the Haughs' appeal to be frivolous and accordingly award Bullis School single attorney fees and costs. We recognize that an appeal may be without merit but not frivolous. See Petty v. Timken Corp., 849 F.2d 130, 133 (4th Cir.1988); United States v. John D. Copanos & Sons, Inc., 831 F.2d 466 (4th Cir.1987). Nevertheless, an appeal without factual evidence or legal authority will be deemed frivolous and sanctions will issue under Fed.R.App.P. 38. See, e.g., NCNB Nat. Bank of North Carolina v. Tiller, 814 F.2d 931 (4th Cir.1987).
 
 
 3
 The district court fully reviewed all information before it and issued a fourteen page Memorandum Opinion discussing the case. Further appeal cannot be justified in light of the district court's thorough and well-reasoned opinion giving the Haughs every benefit of every doubt, but nevertheless concluding that "the Haughs alleged no facts which show there was a breach of contract by Bullis or that Paul was libeled." See In re Nordbrock, 772 F.2d 397, 400 (8th Cir.1985) (although case in district court can be considered non-frivolous, further appeal cannot be justified in light of existing case law and district court's exhaustive opinion considering and rejecting principal authority relied upon by appellant).
 
 
 4
 The Haughs failed to offer any evidence whatsoever to refute the charge of plagiarism. Furthermore, they did not, either in their pleadings or in their proof, ever assert that the charges of plagiarism or of lying were untrue. Rather, appellants base their breach of contract charge on a reading of the Code and Handbook of the Bullis School lacking in logic. They allege that when the head of the Upper School, Mr. Bramble, wrote to Paul's first choice college, the University of Virginia, to explain Paul's suspension he did not state, as they allege the Code and Handbook require, that he had decided Paul had committed two honors offenses: lying to avoid disciplinary consequences and plagiarism. Rather Mr. Bramble, in an attempt to put the best face on Paul's transgressions, discussed only the plagiarism. Unfortunately for Bramble and ultimately Bullis, Bramble labeled the plagiarism an "honors violation." According to the Haughs, Bramble, thus, never "decided" Paul had committed two honors offenses. By such logic, the Haughs would seemingly be content if Bramble wrote another letter to the school to discuss the second offense, as long as he stated explicitly that he had decided Paul committed the offense and named it with particularity.
 
 
 5
 The law is clear that a federal court shall not interfere with the disciplinary procedures of a school, in the absence of a violation of a constitutional right, which is lacking here. This unfortunate matter should never had been made into a federal case. Epperson v. Arkansas, 393 U.S. 97, 104 (1968); Quarterman v. Byrd, 453 F.2d 54, 56 (4th Cir.1971). Leroy Haugh is an attorney and should be aware of his obligation not to waste, in a frivolous manner, the time and resources of the court. We, therefore, grant appellee's motion for costs and fees pursuant to Fed.R.App.P. 38. We limit the relief to single costs and fees and direct Leroy Haugh personally to pay the award. United States v. Nesglo, Inc., 744 F.2d 887, 892 (1st Cir.1984) ("appellants are not wholly without fault as ... actions were brought in their name and ... on their behalf;" sanctions assessed personally against appellants under Fed.R.App.P. 38). After review of Bullis' verified and itemized bill for attorney's fees and costs, we find the amount to be $7,136.11.
 
 AFFIRMED