14 F.3d 594
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnathan Lee X, Plaintiff-Appellant,
v.
Doris R. CASEY; Jane Doe; David G. Lowe, Defendants-Appellees.
Johnathan Lee X, Plaintiff-Appellant,
v.
Edward W. MURRAY, Director; Dorothy Cook; Toni V. Bair;
Dave Smith; Fred E. Jordan; Fred Greene; Joe
Killeen; Mario Tabelina, Defendants-Appellees.
 Nos. 91-7179, 92-6943.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1993.
Decided: Jan. 5, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge; David G. Lowe, Magistrate Judge. (CA-90-250-3, CA-87-317-R)
 Johnathan Lee X, appellant pro se.
 Robert William Jaspen, U.S. Atty., Richmond, VA; Robert Harkness Herring, Jr., Assistant Atty. Gen., Richmond, VA, for appellees.
 E.D.Va.
 AFFIRMED IN NO. 91-7179 AND AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN NO. 92-6943.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated cases, Johnathan Lee X, a Virginia prisoner, appeals the dismissal of two civil rights actions. In No. 91-7179, a Bivens[1] action, X complained that he was denied access to the courts. In No. 92-6943, an action pursuant to 42 U.S.C. Sec. 1983 (1988), he asserted that an earlier consent decree was violated, and that his right to practice his religion was denied. We discuss each in turn.
 
 
 2
 In his Bivens action, X claimed that his access to the courts was denied when a notice of appeal he filed in an earlier Sec. 1983 action was not docketed. X sued the magistrate judge, the court clerk, and an assistant clerk. At the direction of this Court, the notice of appeal has been docketed.
 
 
 3
 Reasonable access by prisoners to federal courts is a guaranteed right. Ex parte Hull, 312 U.S. 546 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). Where a clerk's failure to file a document is involved, the plaintiff must show that the error denied meaningful access. See generally White v. White, 886 F.2d 721 (4th Cir.1989).
 
 
 4
 Here, the docketing of the notice of appeal in X's earlier action and this Court's review of the magistrate judge's decision in the case eliminate the harm X originally complained of. X has not made out a claim of denial of access to the courts. We affirm the district court's dismissal of X's Bivens action.
 
 
 5
 In his Sec. 1983 action, X complained that the Defendants failed to comply with the consent decree in Brown v. Sielaff. He claimed that the mandate to provide a diet in keeping with Nation of Islam requirements was not being met. X requested injunctive and declaratory relief and damages. Before an answer was filed, X submitted an amended complaint. This second complaint alleged a number of constitutional violations, some of which were related to the consent decree and others which complained of violations of the right to practice religion.
 
 
 6
 The Defendants filed a Motion to Dismiss/Motion for Summary Judgment, which addressed only the issues raised in the original complaint. X filed nothing in response to the Motion to Dismiss, notwithstanding the magistrate judge's advice of the consequences of failure to file. Having received a motion to add thirteen plaintiffs to the action and believing that X sought enforcement of the settlement agreement for others as well as himself, the magistrate judge[2] mailed copies of both complaints to the attorney who represented the plaintiffs in the Brown matter.
 
 
 7
 Approximately six months later, the magistrate judge dismissed both complaints. The claims asserting a violation of the consent decree, requesting injunctive and monetary relief, were dismissed on the grounds that the issues were more appropriately presented in a motion to enforce the settlement agreement. The remaining claims concerning the Nation of Islam diet were dismissed on the grounds of res judicata. No specific references were made to the claims included in the amended complaint which were not related to the consent decree. X appealed.[3]
 
 
 8
 The magistrate judge's dismissal of X's original complaint was proper. His complaint, which alleged multiple violations of the consent decree in Brown was, in effect, a motion for a finding of civil contempt for violation of the religious diet provisions of the consent decree. His request for damages identified injuries which were caused by the Defendants' alleged failure to obey the court order. See e.g., Burke v. Guiney, 700 F.2d 767, 769-70 (1st Cir.1983).
 
 
 9
 In Fairfax Countywide Citizens v. Fairfax County, 571 F.2d 1299, 1303 n. 8 (4th Cir.1978), this Court stated that"[w]here a settlement agreement is approved and incorporated into an order of court, the district court possesses jurisdiction to enforce its own order." Accord Petty v. Timken Corp., 849 F.2d 130 (4th Cir.1988) (trial courts have inherent authority to enforce settlement agreements); Ozyagcilar v. Davis, 701 F.2d 306 (4th Cir.1983) ("a district court retains inherent jurisdiction and equitable power to enforce agreements entered into in settlement of litigation before that court"), citing Milner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir.1981); Wood v. Virginia Hauling Co., 528 F.2d 423, 425 (4th Cir.1975); Kulka v. National Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir.1973). The magistrate judge correctly referred the complaint to the attorney for the class and dismissed the complaint so that it could be brought as an enforcement action.
 
 
 10
 In his amended complaint, X stated that many of the allegations in his first complaint identify knowing, intentional, and deliberate violations of the settlement agreement. The analysis of the magistrate judge's disposition of the original complaint is equally applicable here. As these allegations concern the violation of a consent decree, the magistrate judge correctly forwarded those claims to the attorney for the class and dismissed those claims so that the action could be brought as a enforcement action in the district court which had approved of the consent decree and thus had jurisdiction to enforce the settlement agreement.
 
 
 11
 The amended complaint also included four claims which X did not specifically identify as related to the consent decree: X alleged that (1) a guideline had been promulgated which authorized non-religious prisoner groups to have fundraising projects but denied such opportunities to religious groups; (2) a guideline had been promulgated which authorized non-religious groups to have bank accounts and denied religious groups the same benefit; (3) officials permitted prisoners to possess religious caps, religious clothing, and sports clothing but denied members of the Nation of Islam the right to wear bow ties as required by their faith; and (4) officials permitted the possession of only ten religious tapes.
 
 
 12
 These claims were not specifically addressed.[4] A remand is necessary as we are unable to resolve the questions on the present record.
 
 
 13
 A district court has broad discretion to dismiss a complaint without issuance of process when examination of the record reveals that the action is "frivolous or malicious" within the meaning of 28 U.S.C. Sec. 1915(d).[5] See White v. White, 886 F.2d 721 (4th Cir.1987). However, X's claims fit neither category. The facts presented are not patently baseless. Prisoners retain the rights to practice their religion; a prisoner's right to practice religion may be restricted only upon a showing that the restriction is reasonably related to legitimate penological interests. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). All four claims involve the right to practice religion. Because the Defendants did not file a response to the Amended Complaint, no legitimate penological interests were identified. These claims must be remanded.
 
 
 14
 Accordingly, we affirm the district court's dismissal of X's Bivens action and the magistrate judge's dismissal of X's claims relating to the violation of the settlement agreement. We remand X's claims presented in his Amended Complaint for further action consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 The magistrate judge acted pursuant to 28 U.S.C. Sec. 636(c)(1). (R. 3, 10)
 
 
 [3]
 This Notice of Appeal became the basis of X's claim of denial of access to the courts
 
 
 [4]
 As stated earlier, the Defendants filed no responsive pleading addressing these claims
 
 
 [5]
 A claim is frivolous if it is based on an indisputably meritless legal theory or baseless factual contentions. Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S.1992)