**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA, for the
use of McDermitt, Incorporated, 83
Hunterstown Road, Gettysburg,
Pennsylvania 17325,
Plaintiff-Appellant,

v.

CENTEX-SIMPSON CONSTRUCTION

COMPANY, INCORPORATED; SEABOARD
SURETY COMPANY; ST. PAUL FIRE &
MARINE INSURANCE COMPANY;
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG,
PENNSYLVANIA; FEDERAL INSURANCE
COMPANY,
Defendants-Appellees.

No. 99-1213

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-96-54-3)

Argued: December 1, 1999

Decided: January 19, 2000

Before MURNAGHAN and WILKINS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Anthony Kolibash, PHILLIPS, GARDILL, KAISER & ALTMEYER, Wheeling, West Virginia, for Appellant. David L. Cole, Jr., OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Appellees. **ON BRIEF:** David B. Hamilton, OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a dispute between Centex-Simpson, a general contractor, and McDermitt, a subcontractor. The parties verbally settled their dispute during a telephonic conference held on the record and attended by the district court judge. Centex-Simpson agreed to pay McDermitt $217,500, and both parties agreed to release all claims against the other. After the conference concluded, however, the parties could not agree on the language of the release provision in the written settlement agreement.

The district court granted in part Centex-Simpson's motion to enforce the settlement agreement and ordered that the written agreement include certain challenged language. The language prohibits either party from encouraging, sponsoring, suggesting or otherwise fostering any claim against the other party undertaken by any person or entity. McDermitt filed this appeal alleging that the district court abused its discretion by construing the agreement to include the "do not encourage" language in the release provision.

For the reasons discussed below, we affirm.

2

I.

Centex-Simpson was awarded the general contract for construction of the U.S. Fish and Wildlife Service National Education and Training Center in Shepherdstown, West Virginia ("NETC"). In 1994, McDermitt entered into a subcontract with Centex-Simpson to provide concrete, labor, and materials for that project. A dispute arose between the parties concerning completion of the work and payment.

McDermitt filed suit against Centex-Simpson in the U.S. District Court for the Northern District of West Virginia in September of 1996. Centex-Simpson filed an answer and a counter claim against McDermitt for breach of contract concerning a different construction project, that was the State Farm Mutual Automobile Insurance Company Seabord Regional Office in Frederick, Maryland ("State Farm").

After several unsuccessful attempts to settle the disputes, the parties participated in a telephonic settlement conference before the Court on May 15, 1998. At that time, on the record and in the presence of the district court judge, Centex-Simpson and McDermitt agreed verbally to settle their dispute. The parties agreed that Centex-Simpson would pay McDermitt $217,500 in return for settlement and release of all claims, with one specific exception. A potential $31,000 claim regarding a supplier was excepted from the settlement agreement.

On May 26, 1998, McDermitt's counsel prepared a proposed written settlement agreement which provided for the release of both parties from any claims arising out of the NETC and State Farm projects. In response, Centex-Simpson's counsel prepared a different proposed written settlement agreement. Centex-Simpson's proposal contained broader language in the release provision. In addition to the agreement to release all future claims arising out of the two construction projects, the counter-proposal also included a "do not encourage" provision:

> McDermitt further covenants that it will in no way encourage, sponsor, suggest or otherwise foster any claim or cause of action arising out of or pertaining to the NETC project and/or State Farm Project against [any party to this Agree-

> ment or the officers of any party to this agreement]
> undertaken by (1) . . . any party to this Agreement . . . or,
> (4) any other person or entity.

The additional language in the release provision prevents either party from encouraging another person or entity to bring a suit related to either the NETC or State Farm construction projects.

McDermitt would not agree to the "do not encourage" language, and Centex-Simpson would not agree to remove the challenged language. In the months following the settlement conference, both parties petitioned the court to enforce the settlement agreement and to resolve the dispute over the language used in the release provision.

On January 7, 1999, the district court issued a memorandum opinion and order granting Centex-Simpson's motion and instructing the parties to comply with the written settlement agreement proposed by Centex-Simpson, including the challenged language in the release provision.

McDermitt now appeals and insists that it never agreed to the "do not encourage" restriction contained in the challenged language. McDermitt alleges that the district court abused its discretion by ordering the parties to execute an agreement which contains the challenged language in the release provision.

II.

This court reviews the district court order enforcing the settlement agreement for abuse of discretion. Young v. FDIC , 103 F.3d 1180, 1194 (4th Cir. 1997). We must decide whether including the "do not encourage" language in the release provision of the written settlement agreement constitutes an abuse of discretion. We hold that it does not.

District courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement. Petty v. Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988). Neither party disputes that a settlement was reached at the telephonic conference in May of 1998; however, during the settlement conference there was no discussion of the precise terms of the release of claims provision. The district court judge reviewed the transcript of the settlement conference and concluded that the "do not encourage" language was consis-

4

tent with the general release of claims that was agreed to during the conference.

Our review of the transcript of the settlement conference and indeed the entire purpose of a "settlement" conference convince us that the parties intended to arrive at a dollar figure that would be paid by Centex-Simpson to <u>settle all claims between Centex-Simpson and McDermitt</u>. If McDermitt agreed to give up any future claims against Centex-Simpson in exchange for money, they should not be allowed now to reserve the right to goad others into similar action from the courtroom sidelines.

The district court judge had this to say about the dispute over the language in the release provision:

> In the present case, as in the cases cited herein, the parties knew precisely what they were agreeing to at the first telephonic settlement conference. In exchange for $217,500, McDermitt agreed to release all present and future claims, with the explicit exception of a single potential claim. McDermitt had ample opportunity to inform the Court and Centex that it also intended to except any other contemplated action against Centex from the agreement but did not do so. Thus, all evidence before the court at the time of the agreement indicated the essential scope of the settlement. McDermitt agreed to settle all claims, save one, in exchange for $217,500.

By adopting the broad language contained in Centex-Simpson's draft of the release provision, the district court implicitly found that such broad language was in keeping with the agreement reached on May 15, 1998. Nothing in the record of the original settlement conference suggests otherwise. The judge, therefore, did not abuse his discretion by construing the agreement to include the broad release language in the Centex-Simpson proposal.

The district court judgment is accordingly

<u>AFFIRMED</u>.

5