**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-1070

TIMOTHY MCGEE,

Plaintiff, Appellant,

v.

CARTOON NETWORK, INC. AND TURNER BROADCASTING SYSTEM, INC.,

Defendants, Appellees,

————————————

ANDRE BENJAMIN 3000; MOXIE TURTLE, INC.,

Defendants.

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, Senior U.S. District Judge]

————————————

Before

Lipez, Howard and Thompson,
Circuit Judges.

————————————

Timothy McGee on brief pro se.
Gordon P. Katz, Benjamin M. McGovern and Holland & Knight
LLP, on brief for appellees.

————————————

July 8, 2010

————————————

**Per Curiam**. Appellant-plaintiff Timothy McGee appeals *pro se* from the district court's order summarily granting defendant's motion to enforce an agreement to settle an action claiming that defendants misappropriated and infringed his copyrights and other intellectual property in connection with their production and broadcast of an animated television series. The district court, following a non-evidentiary hearing at which neither McGee nor his counsel (whose motion to withdraw had been granted several weeks earlier) appeared, determined that an agreement had been reached in an e-mail exchange between plaintiff's counsel and defendants' counsel and entered an order enforcing "the following three essential elements of the June 10, 2009 settlement agreement: 1) payment of $12,000 to the plaintiff; 2) a general release of all of the defendants and their affiliates; and 3) dismissal with prejudice of this action in its entirety."

On appeal, McGee disputes that a binding agreement was ever reached on all material terms, conceding that he had agreed to the dollar figure for settlement, but that non-pecuniary terms of equal importance to him (concerning his rights to royalties, credits, and continuing rights in his copyrighted material) were never agreed upon. He further disputes the court's finding that his attorney had actual or

apparent authority to enter into any settlement agreement evidenced by the exchange of e-mails between counsel on June 10, 2009.

We need not resolve whether the June 10, 2009 e-mail exchange relied upon by appellees evinces a final agreement on all material terms because we conclude that the district court erred in summarily determining that McGee's attorney had actual or apparent authority to enter into that agreement. Because a genuinely disputed question of material fact existed regarding such authority, the court erred in deciding the question without an evidentiary hearing. See Fidelity and Guaranty Ins. Co. v. Star Equipment Corp., 541 F.3d 1, 5 (1st Cir. 2008).

The evidence before the district court did not compel a finding that McGee's attorney had authority to enter a binding settlement agreement on his behalf. See Malave v. Carney Hospital, 170 F.3d 217, 221 (1st Cir. 1999). The district court's reliance upon the fact that McGee's attorney was the attorney-of-record on this matter is misplaced. "[A] general retainer, standing alone, does not permit an unauthorized attorney to settle claims on his client's behalf." Malave, 170 F.3d at 221. That principle placed defendants on notice that McGee's attorney's statements about his authority "did not suffice, without more to bind [McGee] to a settlement agreement." Id. at 221 n.6; see also United States v.

International Bhd. of Teamsters, 986 F.2d 15, 20 (2d Cir. 1993) ("customarily only the representation of the principal to the third party can create apparent authority, not the representation of the agent alone").

The district court relied upon McGee's attorney's representation to the magistrate judge that he had actual authority to settle the case on the terms communicated in the June 10 e-mail exchange. But, at the same hearing, McGee represented that his attorney did not possess authority to enter a final settlement agreement on those terms. He maintained that "the only thing we had agreed on that's in that email was a dollar amount of $12,000." "We cannot conceive of a more fundamental dispute concerning the existence *vel non* of a settlement agreement than occurs when a litigant and her lawyer wrangle over whether the former imbued the latter with authority to settle." Malave, 170 F.3d at 221; see also Michaud v. Michaud, 932 F.2d 77, 81 (1st Cir. 1991) ("In circumstances where a former attorney and his client dispute the giving of authority, courts generally require the holding of an evidentiary hearing on the question of authorization").

The district court relied upon McGee's affidavit as evidence that his attorney had actual authority to enter into the settlement agreement. Specifically, it relied upon McGee's statement that he was represented by his counsel, and that he

had "had settlement discussions with [him] about settling the case for twelve thousand dollars ($12,000)." As discussed above, "the retainer alone does not suffice to vest a lawyer with settlement authority." Malave, 170 F.3d at 221 n. 6. And the fact that McGee and his attorney may have discussed and agreed upon one of the material terms of a preliminary settlement offer is not sufficient to establish that McGee authorized him to enter a final settlement agreement where other material terms had not been agreed upon.

Finally, in concluding that McGee's attorney had apparent authority to enter the settlement agreement on June 10, the district court stated that it was adopting the reasoning in Bistany v. PNC Bank, NA, 585 F.Supp.2d 179, 183-84 (D Mass. 2008). Reliance upon that district court case appears to be misplaced. Bistany refers to the following definition of "apparent authority" under Massachusetts law:

> Apparent authority "results from conduct by the principal which causes a third person reasonably to believe that a particular person . . . has authority to enter into negotiations or make representations as his agent."

Id. at 182 (quoting Hudson v. Mass. Property Ins. Underwriting Ass'n, 386 Mass. 450, 436 (1982)). However, neither the defendants, in their memorandum in support of their motion to enforce settlement, nor the district court identified any "conduct by the principal [McGee]" which caused the defendants

-5-

to believe that his attorney had authority to enter a binding settlement agreement on his client's behalf.

The legal authority cited in Bistany is inapposite. In In re the Petition of Mal de Mer Fisheries, Inc., 884 F.Supp. 635, 639 (D. Mass. 1995), the court specifically found that the attorney acted with his client's authorization when he informed defendant's counsel that his client accepted its offer and that "this is not a case where a former attorney and client dispute the giving of authority thereby necessitating an evidentiary hearing." And in Petty v. Timken Corp., 849 F.2d 130, 132-33 (4th Cir. 1988) the court stated that it was "undisputed that [the defendant] made an offer of settlement, that the offer was communicated to [the plaintiff] by his counsel, that [the plaintiff] agreed to accept the settlement after conference with his attorney, and that [the plaintiff] reaffirmed his acceptance in open court." Therefore, Bistany does not identify any legal support for the proposition that an attorney's representation that (as an agent) he has authority to settle a case on behalf of his client (the principal) is alone sufficient to establish apparent authority.

The evidence before the district court did not compel the conclusion that McGee's attorney possessed actual or apparent authority to enter into a binding settlement agreement with defendants on the terms that they now seek to enforce.

-6-

Therefore, the district court erred in summarily granting the motion to enforce the settlement agreement without taking evidence and resolving the disputed issues of material fact. See Malave, 170 F.3d at 222-223.

The district court's judgment is vacated and the case is remanded for proceedings consistent with this opinion. Appellant's motion to file an appendix to his reply brief is denied as moot. His other pending motions are denied without prejudice to his filing them in district court on remand.

So ordered.