**Not for publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1470

ELBA I. FALTO-DE ROMÁN,

Plaintiff, Appellee,

v.

LUIS OLIVERAS, as member of the Board of Directors of the Head-Start Program, Mayaguez; ELENA MARTÍNEZ, as member of the Board of Directors of the Head-Start Program, Mayaguez; LUIS OJEDA, as member of the Board of Directors of the Head-Start Program, Mayaguez; CARLOS GONZÁLEZ, as member of the Board of Directors of the Head-Start Program, Mayaguez; EFRAÍN DE JESÚS; LISAIRA DÍAZ-NADAL; LUIS BALAGUER; ELIDA CARABALLO; FRANCISCO FIGUEROA; LOURDES FELICIANO; NITZIA LAMBERTY; LUIS RAMOS,

Defendants, Appellants,

MUNICIPAL GOVERNMENT OF MAYAGUEZ; JOSÉ GUILLERMO RODRÍGUEZ, as Mayor of the City of Mayaguez; JOHN DOE, as member of the Board of Directors of Head Start Program, Mayaguez; JOHN DOE, as member of the Council of Policy Rules, Mayaguez; JANE DOE, as member of the Board of Directors of Head-Start Program, Mayaguez; JANE DOE, as member of the Council of Policy Rules, Mayaguez; RICHARD ROE, as member of the Board of Directors of Head-Start Program, Mayaguez; RICHARD ROE, as member of the Council of Policy Rules, Mayaguez,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Bruce J. McGiverin, U.S. Magistrate Judge]

Before

Torruella, Hawkins,[*] and Barron,
<u>Circuit Judges</u>.

———————————————

<u>Claudio Aliff-Ortiz</u>, with whom <u>Eliezer Aldarondo-Ortiz</u>, <u>Eliezer A. Aldarondo-López</u>, and <u>Aldarondo & López-Bras</u>, were on brief, for appellants.
<u>Israel Roldán-González</u> for appellee.

———————————————

February 1, 2016

———————————————

———————————————

[*] Of the Ninth Circuit, sitting by designation.

**BARRON**, <u>Circuit Judge</u>.  This is an interlocutory appeal from an order denying qualified immunity to various officials of the Town of Mayaguez, Puerto Rico (the "Town") from a suit brought by a former Town employee under 42 U.S.C. § 1983.  Because the Court below did not address a key aspect of the officials' argument for qualified immunity, we vacate the order and remand.

## I.

The plaintiff and appellee -- Elba Falto-De Román (Falto) -- was a career employee of the Town[1] and the director of the Town's Head Start Program (the "Program").  The appellants are members of the Program's governing board and policy council, a subset of the defendants in the case, which also included the Town and the Town's mayor.  Falto's suit concerns the lawfulness of her termination and the appellants' role in bringing it about.

Under federal law, the governing board of a Head Start program has the responsibility of "approving personnel policies and procedures, including policies and procedures regarding the . . . termination of the . . . Head Start Director."  42 U.S.C. § 9837(c)(1)(E)(iv)(IX).  Similarly, the policy council of a Head Start program has the responsibility to "approve and submit to the

---

[1] "Under Puerto Rico law, public employees are categorized into either career or trust/confidential positions" and career employees are removable only for cause.  <u>Ruiz-Casillas</u> v. <u>Camacho-Morales</u>, 415 F.3d 127, 134 (1st Cir. 2005) (citing P.R. Laws Ann. Tit. 3, § 1349.)

governing body decisions about . . . Program personnel policies and decisions regarding the employment of program staff." Id. § 9837(c)(2)(D)(vi).

In December of 2010, the United States Department of Health and Human Services ("HHS") reviewed the Town's Program and issued a very negative report. In July of 2011, the Program's governing board asked Falto to respond within twenty-four hours to questions about whether HHS's findings were being addressed.

Falto responded a month later, on August 12, 2011, and complained about the deadline. She stated that the request was "an act of harassment, persecution, and disrespect." She also claimed that she had already provided the information that had been requested of her.

The Program's policy council then met on September 9, 2011, at the request of the mayor. At that meeting, the policy council's chairman "announced that the Governing Board had determined by a majority of votes to dismiss Ms. Elba Falto from her position as Director of the Head Start Program."[2] The policy council then voted unanimously "to support the decision taken by the Governing Board."

On September 12, 2011, the Program's governing board informed the Town's mayor that the governing board and the policy

---

[2] It is unclear from the record when that vote occurred.

council "ha[d] made the decision to remove" Falto. In a September 20, 2011, letter, the mayor told Falto that the Program's governing board and policy council had each "decided to remove [her] as Director of the Head Start Program," and that the mayor was "adopt[ing]" that decision, due to a "withdrawal of trust." The Town then ceased paying Falto in October 2011 and reported to the Puerto Rico Department of Labor that her last day of employment was October 5, 2011.

In response, Falto filed suit in the United States District Court for the District of Puerto Rico. She named as defendants the Town, the mayor, and the members of the Program's governing board and policy council. See Falto de Román v. Municipal Government of Mayaguez, Civil No. 12–1011 (BJM), 2014 WL 460865 (D.P.R. Feb. 5, 2014). Her suit alleged a claim under section 1983, in which she contended that she had been deprived of "[t]he property interest [she] had in her continued employment" in violation of her right to procedural due process under the Fourteenth Amendment of the United States Constitution. She also alleged a Title VII retaliation claim and various claims under Puerto Rico law, both statutory and constitutional.

Both sides moved for summary judgment and consented to proceeding before a magistrate judge. Id. at *1. The Magistrate Judge dismissed Falto's Title VII claim with prejudice because Falto failed to exhaust the required administrative remedies. Id.

- 5 -

at *7.  The Magistrate Judge then declined to exercise supplemental jurisdiction over the related Puerto Rico law claims.  Id. at *8.

With respect to the section 1983 claim, the Magistrate Judge granted Falto partial summary judgment, ruling that Falto's right to procedural due process had been violated, but that a hearing would be needed to establish damages.  Id. at *6.  The Magistrate Judge also denied the defendants' motion for summary judgment, which was based, in part, on the contention that the mayor and the members of the Program's governing board and policy council were entitled to qualified immunity.  Id. at *8.  In denying that motion, the Magistrate Judge concluded, among other things, that none of the defendants were entitled to qualified immunity.  Id. at *5-6.

The members of the Program's governing board and policy council then filed this interlocutory appeal.  They challenge only the Magistrate Judge's qualified immunity ruling.

## II.

Before ruling on qualified immunity, the Magistrate Judge first held that Falto had been deprived of a constitutionally protected property interest.  Id. at *4-5.  He explained that "no reasonable juror could find Falto was not terminated."  Id. at *4.  He further explained that even if there had not been "a complete termination of her employment," Falto at most remained employed "in the abstract" as "an employee with neither title nor function"

- 6 -

after "she lost all of her duties and was left with none" and "she was taken off payroll." Id. at *5.

The Magistrate Judge then addressed the qualified immunity issue. In denying qualified immunity to the defendants who bring this appeal, the Magistrate Judge explained that:

> [T]he defendants only assert qualified immunity on the basis that Falto failed to allege deprivation of a protected interest. . . . [H]owever, plaintiff has shown that the city's actions constitute a deprivation of a constitutionally protected interest. Therefore, defendants' only argument on qualified immunity falls flat, and they fail to meet their burden of proving entitlement to the defense.

Id. Accordingly, the Magistrate Judge denied the defendant's motion for summary judgment.

In this appeal, the members of the Program's governing board and policy council do not challenge the merits of the Magistrate Judge's qualified immunity ruling insofar as he concluded that Falto was deprived of a constitutionally protected property interest. But they do contend that the Magistrate Judge's ruling cannot be sustained. And that is because they contend that the Magistrate Judge failed to address the additional ground for qualified immunity that they had asserted below. Specifically, they contended below that the actual decision to terminate Falto's employment with the Town was the mayor's alone and thus that their role as policy council and governing board members in "request[ing]

- 7 -

and/or approv[ing]" Falto's removal from the particular position of director of the Program was so remote from the ultimate decision to terminate her employment with the Town that they are entitled to qualified immunity.  See Sanchez v. Pereira-Castillo, 590 F.3d 31, 50-51 (1st Cir. 2009) (A "causal connection . . . can be established not only by some kind of personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. . . . Put another way, an actor is responsible for those consequences attributable to reasonably foreseeable intervening forces, including the acts of third parties." (citations, brackets, and quotation marks omitted)).

The appellants are right that the Magistrate Judge did not address this argument.  But we have jurisdiction to hear an interlocutory appeal from a denial of qualified immunity only insofar as the appeal "turns on a pure issue of law."  Stella v. Kelley, 63 F.3d 71, 74 (1st Cir. 1995); see also Goguen v. Allen, 780 F.3d 437, 452-56 (1st Cir. 2015).  Thus, rather than attempt to resolve the merits of this potentially fact-dependent argument for qualified immunity on interlocutory appeal, we vacate the Magistrate Judge's order and remand.  Cf. Payne v. Britten, 749 F.3d 697, 701 (8th Cir. 2014) ("Our court, therefore, has jurisdiction over interlocutory appeals arising not only from a

- 8 -

district court's reasoned denial of qualified immunity, but also from a district court's failure or refusal to rule on qualified immunity. In the latter instance, however, our court only exercises its jurisdiction to compel the district court to decide the qualified immunity question."). The parties shall bear their own costs. **So ordered.**